<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MICHAEL CHRISTOPHER WENK,          :     Civil No. 12-1773 (DMC)
                                                            :
               Plaintiff,     :
                                                            :     <u>OPINION</u>
         v.                           :
                                                            :
NORTHERN STATE PRISON, et al.,     :
                                                            :
               Defendants.   :
_____:

**APPEARANCES:**

    MICHAEL CHRISTOPHER WENK, #150579C, Plaintiff <u>Pro Se</u>
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ  08625

**CAVANAUGH, District Judge**:

    Plaintiff, Michael Christopher Wenk, a prisoner incarcerated at New Jersey State Prison, seeks to file a Complaint asserting violation of his rights under 42 U.S.C. § 1983 without prepayment of the filing fee.  This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>.  Having screened Plaintiff's Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction.

**I.  BACKGROUND**

    Michael Christopher Wenk brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the Commissioner of the New Jersey Department of Corrections

and the Administrators and Assistant Administrators of Northern State Prison. He asserts the following facts:

> Along with the two copied letters from my mother wanting me to be closer so she may visit because her medical disabilities keep her from traveling long distance, Florida to N.J., for a half hour to 45 min. visit. I have also stated in both of my transfer papers (see my statements with each complaint), that due to threats of harm administered by inmates and various correctional officers, I fear for my own safety. I have also not seen my mother for 4 years since my incarceration. I am asking simply to be transferred for family and personal safety reasons and that is all.

(Dkt. 1 at 6.)

In a letter to the Court filed with the Complaint, Plaintiff further states that he has been incarcerated since October 2008 when he was extradited to New Jersey. "I have requested for an interstate prison transfer . . . and have been denied twice [] because as the N.J. Dept. of Corrections claims, 'I must fulfill my Ad-Seg term' prior to approval. I am requesting to have your say in allowing for my im[m]ediate transfer to Florida so I may see my mon on a more daily basis and also so I may be closer to her were she to fall seriously ill and be hospitalized . . . . My Mom is 56 years old. She is trying to have me transfer[r]ed to Florida, as am I myself so I may see her and she may see me." (Dkt. 1-4 at 1-2.)

Several documents are attached to the Complaint, including letters from Plaintiff's mother, Inmate Requests for Transfer dated January 2, 2011, and September 11, 2011, and a memorandum from the NJDOC Classification Department to Plaintiff dated January 19, 2011. The memorandum from the Classification Department states:

> Your request for interstate transfer cannot be processed at this time; you will have to wait until released out of adseg. I am returning your application to you along with the revised application to be used for a transfer request along with the other

pages. Please hold on to this paperwork and re-submit it when released. If you have further questions, please feel free to write the Classification Dept.

(Dkt. 1-2 at 6.)

In addition, on May 9, 2012, the Clerk filed a letter from Plaintiff addressed to "Presiding U.S. Dist. Judge" and dated April 29, 2012. (Dkt. 2 at 1.) In this letter, Plaintiff references two other actions brought by Plaintiff which are pending in this Court, i.e., Wenk v. Cross, Civ. No. 12-1908 (MAS) (D.N.J. filed Mar. 29, 2012), and Wenk v. Lanigan, Civ. No. 12-3143 (MAS) (D.N.J. filed May 29, 2012). In Wenk v. Cross, Wenk seeks injunctive relief directing New Jersey officials to place him in protective custody because he was "repeatedly assaulted," threatened, and harassed by corrections officer Cross, inmate John Miller, and other officers and inmates. (Dkt. 1 and 1-1.) In Wenk v. Lanigan, Plaintiff complains that prison officials at New Jersey State Prison are improperly handling his mail and refusing to pay for the postal charges for mailing legal mail.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 556 U.S. 662 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Iqbal, 556 U.S. at 678 (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 677. Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 678-81. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. Id. at 678 (citations and internal quotation marks omitted); see also Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however,

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

4

that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A. Federal Claims

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A. Due Process

Plaintiff complains that prison officials denied his request to transfer him to a prison in Florida. But the denial of a prison transfer does not state a claim under § 1983 since inmates have no constitutional right to obtain a prison transfer. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State"); Ball v. Beard, 396 Fed. App'x 826 (3d Cir. 2010) (same). And, although a state may create a protected liberty interest, see Wilkinson v. Austin, 545 U.S. 209, 222 (2005);

Sandin v. Conner, 515 U.S. 472, 484-86 (1995), a New Jersey inmate has no state-created liberty interest in an interstate transfer, since New Jersey law gives prison officials complete discretion to transfer an inmate to another state or facility. See N.J. STAT. ANN. § 30:7C-5(a); see also Hardaway v. New Jersey Dept. of Corrections, 2012 WL 4052167 at *2 (N.J. Super. Ct., App. Div., Sept. 17, 2012 (Under New Jersey law, "[c]lassification and transfer of state prisoners is confined to the Commissioner's sole discretion"). Because New Jersey prison officials did not deprive Plaintiff of constitutional rights by denying his request for a transfer to Florida, this Court will dismiss the federal claim concerning the denial of a transfer.[2] See Olim, supra.

B. Failure to Protect

Plaintiff's allegations insinuate that New Jersey officials violated his constitutional rights by failing to protect him (by way of an interstate transfer) from assault, threats and harassment by certain corrections officers and/or inmates. This Court notes that this precise allegation is the subject of a complaint in Wenk v. Cross, Civ. No. 12-1908 (MAS) (D.N.J. filed March 29, 2012), which remains pending before Judge Shipp. This Court will dismiss the failure to protect claim as duplicative of a pending action. See Aruanno v. Smith, 445 Fed. App'x 494 495 (3d Cir. 2011); Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980). Moreover, to state a failure to protect claim under § 1983, an inmate must assert facts showing: (1) he is objectively "incarcerated under conditions posing a substantial risk of serious harm;" (2) defendant subjectively "knows of and disregards an excessive risk to inmate health or safety;" and (3) causation. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The instant Complaint fails to state a failure to protect claim because Plaintiff does not assert facts showing that any named

---

[2] This Court will not grant leave to amend this claim because amendment would be futile.

6

defendant knew of and disregarded an excessive risk to his safety. Because the Complaint fails to state a failure to protect claim and because Plaintiff's failure to protect claim is pending before Judge Shipp in Wenk v. Cross, this Court will dismiss the § 1983 failure to protect claim in the instant Complaint.[3]

C.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285. In this case, the Court is dismissing every claim over

---

[3] This Court will not grant leave to amend the failure to protect claim because the same claim is pending before Judge Shipp.

which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V. CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims raised in the Complaint, and decline to exercise supplemental jurisdiction.

                                                                                                  _____
                                                                                                  DENNIS M. CAVANAUGH, U.S.D.J.

Dated: Sept 25, 2012